UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY PEREZ,<br><br>                 Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, PAMELA JO BONDI, Attorney General, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Director, San Diego Field Office, CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>                 Respondents. | Case No.: 26-cv-0904-JES-DDL<br><br>**ORDER DENYING PETITION AND TEMPORARY RESTRAINING ORDER AS MOOT**<br><br>[ECF Nos. 1, 2] |

      Before the Court is Petitioner Rudy Perez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") and motion for Temporary Restraining Order ("TRO"), filed on February 12, 2026. ECF Nos. 1, 2. Pursuant to the Court's order, Respondents filed a return to the Petition, and Petitioner filed a Traverse. ECF Nos. 5, 6.

Petitioner is a Guatemalan national who has been issued withholding of removal from Guatemala based upon his experience of violence in his home country for his sexual orientation. Pet. at 4-5. Petitioner states that Respondents have told him he is going to be removed to Mexico, but also told him that he could receive a credible fear interview before his removal. *Id.* at 5. Petitioner cites a single example of an individual who was removed to Mexico without notice and then subsequently removed by Mexico to Guatemala as evidence that the same might happen to him. *Id.* at 5-6. Petitioner seeks relief of an injunction against Respondents removing him to Mexico without the opportunity to apply for withholding, and an injunctive order preventing his removal to Mexico without an individualized assurance from the Mexican government that he will not be remove to Guatemala. *Id.* at 11.

Under the specific facts of this case, the Court does not find that Petitioner has requested relief cognizable on habeas considering the attenuated nature of the injunctions requested and the lack of facts supporting speculative third country removal.[1] *See generally* Pet.; *see also* 28 U.S.C. § 2241; *Fay v. Noia*, 372 U.S. 391, 430-31 (1963). While courts have on occasion construed petitions for writ of habeas corpus by pro se prisoner litigants as petitions for writ of mandamus, or generously interpreted mentions of the All Writs Act (*see, e.g., Stevens v. Sheriff of El Paso, Colorado*, 15 Fed. App'x. 740, 742; *Darden v. Davis*, 2016 WL 7803249 (N.D. Tex.) at *2; *Noori v. LaRose,* No. 25-CV-1824-GPC-MSB, 2025 WL 2800149 (S.D. Cal. Oct. 1, 2025), the Court declines to do so where, as here, Petitioner is represented by competent counsel and requests relief requiring intervention into communications with foreign governments and regulatory injunctions

---

[1] The Court does not hold here that claims regarding due process for third country removal are unreviewable on habeas. Indeed, several courts have held that such claims are reviewable under § 2241 and that, to the extent the policies regarding third country removal fail to comport with Ninth Circuit law regarding due process, Ninth Circuit law controls. *See, e.g., Ghasedi v. Wamsley*, No. 2:25-CV-01984-RSM-BAT, 2025 WL 3699705, at *7 (W.D. Wash. Dec. 1, 2025), report and recommendation adopted, No. 2:25-CV-01984-RSM-BAT, 2025 WL 3697208 (W.D. Wash. Dec. 19, 2025); *Nguyen v. Scott,* 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025); *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019).

1  based on speculative claims. *See* Pet. at 11. The Court thus **DENIES** the Petition and
2  motion for TRO as moot. The Clerk of the Court is directed to close this case.
3      **IT IS SO ORDERED.**
4  Dated: February 24, 2026

                              Honorable James E. Simmons Jr.
                              United States District Judge